**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SANDRA S. WEYER,

*Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

*Defendants*.

Civil Case No. 1:26-cv-02770-RJL

**UNOPPOSED MOTION TO CONSOLIDATE CLAIMS AGAINST FORMER ATTORNEY GENERAL MERRICK GARLAND FOR THE LIMITED PURPOSE OF BRIEFING A CONSOLIDATED MOTION TO DISMISS**

**INTRODUCTION**

Former Attorney General Merrick Garland is a defendant in twenty cases currently pending before eleven different judges in this district, all brought by the same law firm and all raising nearly identical claims against him under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged constitutional violations in the exercise of his supervisory authority over the January 6 prosecutions while serving as Attorney General of the United States. Garland plans to move to dismiss all of the claims against him in these cases under Federal Rule of Civil Procedure 12(b)(6) based on the same legal grounds. Garland now moves this Court, pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5(d), to consolidate the claims against him, and only him, in these cases,[1] for the limited purpose of briefing a consolidated motion to dismiss all claims against him. Garland is not seeking to consolidate the underlying actions more broadly.[2]

Given the similarities between the claims brought against Garland in these twenty cases, consolidation of the motion to dismiss briefing is appropriate. Absent consolidation, the parties would need to brief, and eleven judges in this district would need to consider, the same legal issues based on substantially similar factual allegations, to resolve twenty separate motions to dismiss when, instead, the legal issues could all be addressed in one round of consolidated briefing. Consolidation would avoid this waste of the parties' and judicial resources, and it would reduce the risk of inconsistent rulings by the numerous judges before whom the claims are currently

[1] Garland understands that plaintiffs' counsel may file additional complaints naming him as a defendant. Depending on the allegations and claims in those additional complaints, if filed, Garland may seek to include those actions in the consolidated briefing requested here.
[2] Local Civil Rule 40.5(d) provides that "[m]otions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned." Because this action is the "earlie[st]-numbered case" in these matters, Garland filed for consolidation in this action. Local Civil Rule 40.5(d).

pending. The parties agree that the claims against Garland raise common questions of law and fact, and plaintiffs' counsel does not oppose this motion. Should the Court grant it, the parties propose to confer and then submit to the Court a joint proposed schedule for briefing Garland's motion to dismiss. In the interim, the parties agree that the deadline to file a motion to dismiss in this case should be stayed.

## BACKGROUND

The plaintiff in this case, Sandra S. Weyer, was convicted of multiple criminal offenses for her role in the January 6, 2021, attack at the U.S. Capitol. *See United States v. Weyer*, 2024 WL 809962, at *1 (D.D.C. 2024). On August 5, 2026, she filed a Complaint in this Court, bringing multiple claims under the Constitution and the Federal Tort Claims Act ("FTCA") against numerous defendants related to her prosecution and subsequent incarceration. *See* Complaint, *Weyer v. United States*, No. 1:26-cv-02770-RJL (Aug. 5, 2026), ECF No. 1. Weyer brings only two claims against Garland, both under *Bivens*: she alleges that, in exercising his supervisory authority over the January 6 prosecutions, Garland adopted policies that subjected her to materially harsher and materially different charging and prosecutorial treatment because of her political views in violation of the First and Fifth Amendments. *See id.* ¶¶ 49, 56–65, 88–95.

Between September 8 and October 23, 2026, the same law firm representing Weyer filed nineteen additional complaints against Garland in this district, on behalf of other individuals who, like Weyer, were convicted of federal crimes for their conduct on January 6, 2021. *See* App. A (listing the complaints filed against Garland by the same firm). Like Weyer, the other plaintiffs bring multiple claims, including under the Constitution and the FTCA, against multiple defendants related to the government's treatment of them in the course of their investigations, arrests, prosecutions, and incarcerations. Also like Weyer, the only claims the other plaintiffs bring against

Garland are *Bivens* claims. All of the plaintiffs allege that Garland, in exercising supervisory authority over the January 6 prosecutions, adopted policies that subjected them to materially harsher and/or materially different treatment than other defendants because of their views or associations in violation of the First and/or Fifth Amendments. All of the plaintiffs seek to hold Garland personally liable for damages. And all of the cases are at the preliminary stage, with no defendants having yet filed an Answer or other responsive pleading.

## ARGUMENT

Under Federal Rule of Civil Procedure 42(a), when actions involve "a common question of law or fact," courts may "join for hearing or trial *any* or all matters at issue" in separate actions, "consolidate the actions," or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)–(3) (emphasis added). Consolidation under Rule 42(a) "is a valuable and important tool of judicial administration," as it "helps to relieve the parties and the court of the burden of duplicative pleadings and court orders." *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) (citation modified).

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018); *see also id.* at 74 (recognizing "[a] district court's undisputed ability to consolidate cases" for the "limited purpos[e]" of "motions practice"); 9A *Wright & Miller's Federal Practice & Procedure* § 2382 (3d ed.) (explaining that the court "may order a joint hearing or trial of the common issue or of other particular issues"). And they regularly do so for limited purposes, including for pre-trial proceedings or to resolve discrete legal issues like those in a motion to dismiss. *See, e.g.*, Ord. Granting Unopposed Mot. to Partially Consolidate Cases, *Garza v. Trump*, No. 1:23-cv-00038-APM (D.D.C. Mar. 5, 2024), ECF No. 62 (consolidating birthright citizenship cases, as they related to President Trump, "for the limited

purpose of resolving the issues surrounding immunity, pursuant to Federal Rule of Civil Procedure 42(a)"); *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 245 (S.D.N.Y. 2023) (consolidating separate actions pursuant to Rule 42 for purposes of motion to dismiss and for all pre-trial proceedings); *Collishaw v. Coop. Regions of Organic Producer Pools*, 2022 WL 3290563, at *1 n.1 (S.D.N.Y. 2022) (consolidating cases for purposes of motion to dismiss pursuant to Rule 42(a)(3)); *Cotto v. City of New York*, 2017 WL 3476045, at *1 (S.D.N.Y. 2017) (consolidating cases pursuant to Rule 42(a) "for purposes of deciding this motion to dismiss"); *Dube v. Wyeth LLC*, 943 F. Supp. 2d 998, 1000 (E.D. Mo. 2013) (consolidating, *sua sponte*, multitudinous matters involving the same defendant for purpose of motions to remand only); *Kohus v. Toys "R" Us, Inc.*, 2006 WL 1476209, at *1–2 (S.D. Ohio 2006) (consolidating patent infringement cases for discovery and *Markman* hearing regarding the meaning of patent claims as a matter of law); *see also Apostolou v. Geldermann, Inc.*, 919 F. Supp. 289, 292–93 (N.D. Ill. 1996) (recommending limited reassignment of eleven cases under local rule akin to Rule 42(a) "for the limited purpose of resolving a consolidated motion to dismiss" because "some of the defendants will most certainly have arguments for dismissal that will be common to all the cases").

In exercising their discretion under Rule 42(a), "district courts weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016) (citation modified). "The balance will typically weigh in favor of consolidation if the … 'actions present an identical question of law,' and 'consolidation would save time and effort ... by resolving th[e] issue in one proceeding rather than [multiple].'" *Trustees of the IAM Nat'l Pension Fund v. Ohio Magnetics, Inc.*, 2021 WL 3036854, at *1 (D.D.C. 2021)

(quoting *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 22 (D.D.C. 2009)). In this way, "[c]onsolidation … also reduces 'the risk of inconsistent rulings on common factual and legal questions.'" *Id.* (quoting *Singh*, 185 F. Supp. 3d at 18).

Under these standards, the balance tips decisively in favor of consolidating in this Court the motion to dismiss briefing on the claims against Garland.

## I. The Claims Against Garland Involve Common Questions Of Law And Fact.

Common questions of law and fact pervade each of the complaints. Plaintiffs, represented by the same counsel, all sue Garland for similar claims. *See, e.g.*, *Hanson*, 257 F.R.D. at 21 n.1 (consolidating cases where different plaintiffs all sued the District, among other defendants); *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (explaining that complete "[i]dentity of the parties is not a prerequisite" and consolidating cases where different plaintiffs asserted same questions of law "against the same defendant"). The actions all "arise from the same series of events or facts," *Hanson*, 257 F.R.D. at 21, namely the January 6 attack, the plaintiffs' subsequent prosecutions, and Garland's alleged actions in supervising the January 6 prosecutions, *see id.* ("[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts."). All of the cases "are in the same procedural posture and stage of litigation." *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287. And, "[m]ost significantly," the actions—and motion to dismiss briefing—"'present … identical question[s] of law,'" *Trustees of the IAM Nat'l Pension Fund*, 2021 WL 3036854, at *3 (quoting *Hanson*, 257 F.R.D. at 22): whether, in light of multiple legal defenses, plaintiffs can maintain claims that Garland is personally liable under *Bivens* for allegedly treating plaintiffs more harshly and/or differently because of their views and associations in violation of the First and/or Fifth Amendments. Indeed, because the motion

would be brought under Rule 12(b)(6), its disposition will depend solely on questions of law; no questions of fact will be raised.

### II. Consolidation Of The Motion To Dismiss Briefing On The Claims Against Garland Will Conserve Significant Resources And Reduce The Risk Of Inconsistent Rulings.

In light of these similarities, the benefits of consolidation are evident. *See Grobler on Behalf of Inotiv, Inc. v. Leasure*, 2023 WL 2137414, at *3 (N.D. Ind. 2023) ("When there are [multiple] cases that grow out of the same set of facts, have the same lawyers and same parties, and are in the same court, it seems pretty obvious that concerns for judicial economy would strongly favor consolidation of the[m]."). Rather than briefing twenty individual motions to dismiss the claims against Garland before eleven different judges, consolidation would save the parties time and resources by allowing them to address the issues in one consolidated round of briefing on Garland's motion to dismiss. More importantly, rather than eleven judges in this district having to expend the resources to resolve the same legal questions in twenty separate motions, this Court's global resolution of the legal issues in Garland's motion to dismiss would save significant judicial resources. It would also reduce the potential that eleven judges in this district reach different conclusions on various issues, leading to "inconsistent rulings on common factual and legal questions." *Singh*, 185 F. Supp. 3d at 18. Rule 42 is meant to avoid precisely such "overlapping trials containing duplicative proof," "excess cost," and "waste of valuable court time in the trial of repetitive claims." *Vazquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007). And thus, "the gains in terms of convenience, efficiency, prompt resolution of [plaintiffs' claims against Garland], and reduced burdens on the time and resources of both the Court and the litigants militate strongly in favor of consolidation." *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287.

Moreover, consolidation of the briefing on Garland's motion to dismiss would benefit—not prejudice—plaintiffs. As noted, consolidation would save plaintiffs and their counsel significant time and resources by permitting them to address Garland's motion to dismiss in one consolidated response. "[B]ecause the actions were filed only [about a month] apart and all remain at the pleading stage," consolidating the briefing on Garland's motion to dismiss "will not cause significant delay." *Clinger v. Edgewell Personal Care Brands, LLC*, 2022 WL 1396139, at *3 (D. Conn. 2022). And because Garland intends to move to dismiss all of the claims against him based on the same legal grounds, "there is little risk of the confusion and inconvenience courts seek to avoid when multiple defendants have filed motions asserting distinct bases for dismissal." *Id.* Under these circumstances, the "convenience and economy" of consolidation plainly outweigh any "confusion and prejudice" that could possibly result. *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003); *see also Trustees of the IAM Nat'l Pension Fund*, 2021 WL 3036854, at *3 (explaining that actions that are still "in their nascent stages" with "an identical question of law" are appropriate for consolidation).

## **CONCLUSION**

For the foregoing reasons, the Court should consolidate in this Court the motion to dismiss briefing on the claims against Garland in the matters listed in Appendix A.

DATED: November 6, 2026

Respectfully submitted,

*/s/ Beth A. Wilkinson*

Beth A. Wilkinson (D.C. Bar No. 462561)
Jenna P. Swarbrick (D.C. Bar No. 1614398)
Scarlett Aylsworth (D.C. Bar No. 90041734)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
jpswarbrick@wilkinsonstekloff.com
saylsworth@wilkinsonstekloff.com

Jeremy Barber (D.C. Bar No. 493472)
Neil Alacha (D.C. Bar No. 1779291)
**WILKINSON STEKLOFF LLP**
130 West 42nd Street, 24th Floor
New York, New York 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
jbarber@wilkinsonstekloff.com
nalacha@wilkinsonstekloff.com

*Counsel for Defendant Merrick Garland*

**APPENDIX A**

| Case Name | Case Number | Date Filed | Assigned Judge |
|---|---|---|---|
| *Weyer v. United States* | 1:26-cv-02770-RJL | Aug. 5, 2026 | Leon |
| *MacAndrew v. United States* | 1:26-cv-03146-ABJ | Sept. 8, 2026 | Jackson |
| *Johnston v. United States* | 1:26-cv-03228-JEB | Sept. 15, 2026 | Boasberg |
| *Munchel v. United States* | 1:26-cv-03229-TJK | Sept. 15, 2026 | Kelly |
| *Perna v. United States* | 1:26-cv-03230-TSC | Sept. 15, 2026 | Chutkan |
| *Rae v. United States* | 1:26-cv-03279-JDB | Sept. 18, 2026 | Bates |
| *Padilla v. United States* | 1:26-cv-03281-JMC | Sept. 18, 2026 | Cobb |
| *Eisenhart v. United States* | 1:26-cv-03350-JEB | Sept. 25, 2026 | Boasberg |
| *Nester v. United States* | 1:26-cv-03353-TJK | Sept. 25, 2026 | Kelly |
| *Fairlamb v. United States* | 1:26-cv-03403-APM | Sept. 29, 2026 | Mehta |
| *Caldwell v. United States* | 1:26-cv-03404-APM | Sept. 29, 2026 | Mehta |
| *Miller v. United States* | 1:26-cv-03405-RJL | Sept. 29, 2026 | Leon |
| *Steele v. United States* | 1:26-cv-03406-TSC | Sept. 29, 2026 | Chutkan |
| *Ligocki v. United States* | 1:26-cv-03454-RC | Oct. 2, 2026 | Contreras |
| *Connie Meggs v. United States* | 1:26-cv-03456-JMC | Oct. 2, 2026 | Cobb |
| *Kelly Meggs v. United States* | 1:26-cv-03457-RJL | Oct. 2, 2026 | Leon |
| *Mink v. United States* | 1:26-cv-03490-RC | Oct. 6, 2026 | Contreras |
| *Powell v. United States* | 1:26-cv-03491-CRC | Oct. 6, 2026 | Cooper |
| *McKellop v. United States* | 1:26-cv-03732-TNM | Oct. 23, 2026 | McFadden |
| *Ondulich v. United States* | 1:26-cv-03733-TNM | Oct. 23, 2026 | McFadden |